Lenore L. Albert, Esq. SBN 210876
LAW OFFICES OF LENORE ALBERT
7755 Center Avenue, Suite #1100
Huntington Beach, CA 92647
Telephone (714) 372-2264
Facsimile (419) 831-3376
Email: lenorealbert@msn.com

Attorney for Plaintiffs and the Class

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDDIE YAU and GLORIA YAU, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS, and AURORA LOAN SERVICES, LLC, Inclusive,<br><br>Defendants. | **CASE NO. SACV 11-6 JVS (RNBx)**<br>**Assigned to the Hon. James V Serna**<br><br>**PLAINTIFFS OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO DISSOLVE THE TRO OF 1/24/11; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF LENORE ALBERT. ESQ.**<br><br>**Date: 1/26/11**<br>**Time:**<br>**Courtroom: 10C** |

Plaintiffs Eddie Yau and Gloria on behalf of themselves and the class, hereby submits the following opposition to defendants ex parte application to dissolve Temporary Restraining Order and Expedite January 28 hearing to January 26" as follows:

MEMORANDUM OF POINTS AND AUTHORITIES

## I. Facts

Defendants are seeking to dissolve the 1/24/11 temporary restraining order on the grounds it may cause them irreparable harm because it included homes to be sold prior to the hearing of 1/28/11.

The homes the defendants are restrained from selling between now and the hearing were described on page ii and page 3 and declaration of plaintiff's ex parte application of 1/24/11. There were 6 homes up for auction this week. There are three left as follows:

**1. Moa T. Fuimaona, 150 Paseo Marguerita, Vista Ca 92084**

Recorded on 11/18/10 in San Diego County, Parcel Number 15910230 Default Amount $0, entered on 11/24/10, Auction date Jan 26, 2011 at 10:00:00 AM in San Diego County, recorded Trustee: Quality Loan Service Corp., recorded Lender: Aurora Loan Services, LLC

**2. Oliveria Torres Mozo, 819 Via Juanita, San Marcos, CA 92708**

Recorded on 5/6/10 in San Diego County, Parcel Number 2192307 Default Amount $0, entered on 5/11/10, Auction date Jan 26, 2011 (no time) in San Diego County, recorded Trustee: Quality Loan Service Corp., recorded Lender Aurora Loan Services, LLC

**3. Lisa Donald, 315 La Purisma Way, Oceanside, CA 92057**

Recorded on 1/3/11 in San Diego County, Parcel Number 15870064 Default Amount $0, entered on1/6/11, Auction date Jan 28, 2011 at 10:00 AM in San Diego County, recorded Trustee: Quality Loan Service Corp., recorded Lender Aurora Loan Services, LLC. [RJN Ex parte app of 1/24/11]

David Co of defendant Deutsche Bank and Cheryl Marchant of defendant Aurora Loan Services filed declarations in support of defendants' application.

The TRO and OSC restrain the defendants from selling, transferring or other encumbering the homes of plaintiffs or any putative class member for which notice has been given without prior approval and order by this Court." [Request For Judicial Notice "RJN" Orders of 1/19/11 and 1/24/11].

## II ARGUMENT

### A. The Defendants have control over the sale of These Homes

A party may challenge the propriety, breadth or vagueness of a TRO before the hearing on the application for a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters & Auto Truck Drivers* (1974) 415 US 423, 94 S.Ct. 1113.

Defendants challenge the TRO on the grounds of notice, irreparable harm, likelihood of success on the merits, and the failure to meet and confer. Those issues are not appropriately challenged, but the issue regarding their ability to control the sale or

nonsale of the homes to be protected could be characterized as the propriety of the TRO and plaintiff addresses that issue as follows:

Prior to the ex parte application filed by the defendants, defense counsel requested and plaintiff's counsel provided defense with the detailed list of homeowners in Excel format. Thereafter, the Vice President of the Bankruptcy and Foreclosure department of defendant Aurora Loan Services, Cheryl Marchant, declared there were 68 homes on the list that Aurora Loan controlled. [Def Decl ¶ 4 ].

On page 5, Ms. Marchant declared that the 3 homes still left in the TRO this week that are restrained to be foreclosed on are within Aurora Loan Services control and the matching addresses can be found on lines 2, 3 and 4 of her declaration.

As such, this Court can be assured that there is *no risk* that the defendants will not be able to stop a foreclosure sale subject to the TRO until the matter is heard on Friday January 28, 2011. The TRO is proper wherein the defendants are able to comply.

Hence, the TRO should not be modified or dissolved.

**B. No Irreparable Harm will Result if this Matter is not Granted**

Neither David Co of Deutsche Bank nor Cheryl Marchant of Aurora Loan Services declare that any harm will result to them or their companies if the TRO is not immediately dissolved prior to the hearing.

If the defendants do not own these loans, then there is no harm or injury to them by postponing these sales.

There is no evidence the TRO will hurt a homeowner.

There is no evidence brought forth by the defendants to show that the foreclosure is not wrongful or that these three people are not or should not be part of the protected class. As declared to by Mr. Co, defendant Aurora Loan Services has all of the paperwork to support such a position. Since only three homes are it issue in this application, it would not have been extraordinarily difficult for them to have produced the paperwork to support their position.

As stated above, the three homes left to be protected this week are under the control of the defendants. Therefore there is no risk that they cannot comply with the Court's order.

**C. Possible Prejudice in allowing the sale of these homes**

On the other hand, by dissolving the TRO, the homes may be sold to third party bona fide purchasers. Under California law, a sale of a home to a bona fide purchaser cannot be later rescinded, absent fraud. Since, real property is unique, the possible prejudice to the plaintiffs in this case is great and far outweighs having these three auctions postponed until the January 28, 2011 hearing date.

///

**D. The Bond**

On January 19, 2011 a TRO was issued in favor of the plaintiffs requiring a bond by depositing the current monthly mortgage payment with the court. [RJN] The January 24, 2011 TRO further state that the January 19, 2011 TRO was kept in tact (see last line of the Order). [RJN] The plaintiffs have been depositing their currently monthly mortgage payments with the court as to that TRO. [RJN Notice of Deposit]

The defendants never declared the TRO would cost them financially.

Furthermore, the law is clear a bond is not required for this case. *See, Orantes-Hernandez v Smith* (CACD 1982) 541 F Supp., 351, 385 (impecunious plaintiffs*); Elliot v Kiesewetter* (3rd Cir 1996) 98 F.3d 47, 60 (potential hardship to the plaintiff*); Hoeschst Diafoil Co. v Nan Ya Plastics Corp* (4th Cir 1999) 174 F3d 411, 421 (no likelihood of harm to defendant); *Pharmaceutical Soc of State of New York Inc v New York State Dept of Social Services* (2nd Cir 1995) 50 F3d 1168, 1174-1175 (protection of public interest).

This case is about wrongfully foreclosing on California homeowners in a non-deficiency judgment jurisdiction. There was nothing improper with the TRO issued.

Consequently the TRO should not be dissolved.

///

///

**E. Defendants Received Notice Prior to the Ex Parte Application**

Defendants' Counsel attached to her declaration an email from plaintiffs' counsel giving defense counsel notice on January 23, 2011 that plaintiff would seek ex parte relief if defendants refused to postpone the foreclosure sales starting the following day. [Decl of Ms. Edwards ] Consequently, they received proper notice. FRCP65b.

## IV CONCLUSION

A party wrongfully enjoined if "it turns out [that] the party enjoined had the right all along to do what it was enjoined from doing." *Nintendo of America, Inc. v Lewis GaloobToys, Inc.* (9th Cir 1994) 16 F3d 1032, 1036. Defendants are not complaining that they are being enjoined from something that they are allowed to do, only that they allege they are being asked to stop something that they cannot control.

Wherefore plaintiffs on behalf of themselves and the Class respectfully requests that this court deny this ex parte application(s).

Dated: January 26, 2011

Respectfully Submitted,

LAW OFFICES OF LENORE ALBERT

/s/ Lenore Albert

LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs and the Class

## DECLARATION OF LENORE ALBERT, ESQ.

I, Lenore Albert, Esq. am the attorney of record for the plaintiffs and the members of the Class in the above captioned action and am licensed to practice before all courts in the State of California and before the United States District Court for the Central District of California, and the Supreme Court of the United States of America. If called as a witness I would and could competently testify as follows:

1. I gave defense counsel notice of the 1/24/11 ex parte on 1/23/11.

2. I even gave her the list in excel spreadsheet as soon as she asked for it.

3. Each of the homes to be sold today and Friday show Aurora as the lender and Quality Loan Services as the trustee. This is the same as how Yaus' home would appear on the list.

4. Each home on the list shows either Aurora Loan Services or Deutsche Bank as the lender recorded on the papers. In the Yaus' case, Aurora is recorded as the lender and there is no recording of Deutsche Bank owning or holding the loan.

I declare under penalty of perjury according to the laws of the State of California that the foregoing is true and correct. Executed on January 26, 2011 at Huntington Beach, California.

/s/ Lenore Albert
LENORE L. ALBERT, ESQ.
Attorney for Plaintiffs and the Class

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE:

I declare that I am over the age of 18 years, and not a party to the within action; that I am employed in Orange County, California; my business address is 7755 Center Avenue Suite #1100,Huntington Beach, CA 92647.

On January 26, 2011, I served a copy of the following document(s) described as:

**PLAINTIFFS OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO DISSOLVE THE TRO OF 1/24/11; MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF LENORE ALBERT. ESQ.**

On the interested parties in this action as follows:

See attached Mail List

**[ ] BY OVERNIGHT MAIL –** I caused such document(s) to be placed in pre-addressed envelope(s) with postage thereon fully prepaid and sealed, to be deposited as Express/Priority Mail for next day delivery at Westminster, California, to the aforementioned addressee(s).

**[x] BY FAX** – I caused such document(s) to be transmitted facsimile from the offices located in Westminster, California this business day to the aforementioned recipients.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Dated: January 26, 2011

/s/ Lenore Albert___________________________

Lenore Albert

Mailing List

<u>For Defendant Aurora Loan Services, LLC:</u>

Victoria Edwards, Donald M Scotten & Justin D Balser
Akerman Senterfitt LLP
725 South Figueroa Street, 38th Floor
Los Angeles, CA 90017-5433
Ph: 213-688-9500
Fx: 213-627-6342

<u>For Defendant Deutsche Bank National Trust Company Americas</u>

Victoria Edwards, Donald M Scotten & Justin D Balser
Akerman Senterfitt LLP
725 South Figueroa Street, 38th Floor
Los Angeles, CA 90017-5433
Ph: 213-688-9500
Fx: 213-627-6342