UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al. | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Sharon Seffens |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Lenore Albert | Todd Boock |
| | Imran Hayat |
| | Justin Balser |
| | Shawn Kennedy |

**Proceedings:** **Defendant Aurora Loan Services and Deutsche Bank co. Americas' Motion to Dismiss first Amended Complaint (Fld 4-1-11)**

Cause called and counsel make their appearances. The Court's tentative ruling is issued. Counsel make their arguments. The Court GRANTS the defendants' motion and rules in accordance with the tentative ruling as follows:

Defendants Aurora Loan Services, LLC ("Aurora"), Deutcsche Bank National Trust Company Americas ("DBNTCA"), and Deutcsche Bank National Trust Company ("DBNTC") (collectively, "Defendants") move to dismiss the Complaint of the putative class of Plaintiffs (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b). Plaintiffs oppose the motion. For the following reasons, the Court GRANTS the motion.

I.     Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted. A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (May 18, 2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al. | | |

true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Nor must the Court "accept as true a legal conclusion couched as a factual allegation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 555). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.

Under Federal Rule of Civil Procedure 9(b), a plaintiff must plead each of the elements of a fraud claim with particularity, i.e., a plaintiff "must set forth *more* than the neutral facts necessary to identify the transaction." Cooper v. Pickett, F.3d 616, 625 (9th Cir. 1997) (emphasis in original). In other words, fraud claims must be accompanied by the "who, what, when, where, and how" of the fraudulent conduct charged. Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1106 (9th Cir. 2003). A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations. Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989). While statements of the time, place, and nature of the alleged fraudulent activities are sufficient, mere conclusory allegations of fraud are insufficient. Id.

II.     Discussion

    A.     Plaintiffs Lack Standing to Sue DBTCA and DBNTC

Defendants argue that Plaintiffs lack standing to sue DBTCA and DBNTC. Standing under Article III requires three elements. First, Plaintiffs must suffer an "injury in fact," which means that there must be a concrete and particularized "invasion of a legally protected interest" that is actual or imminent. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Second, Plaintiffs must allege a causal connection between the injury and the conduct complained of, meaning that the injury must be "fairly traceable" to Defendants' actions. Id. Third, Plaintiffs must show that a favorable decision will likely redress the injury. Id. at 561. Plaintiffs must demonstrate standing for each claim they seek to press and for each form of relief sought. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). Although Plaintiffs bear the burden of establishing standing, "general factual allegations of injury resulting from the defendant's conduct may suffice"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** | | |

at the pleading stage. Lujan, 504 U.S. at 561.

   Plaintiffs have not adequately alleged that their injuries are fairly traceable to DBTCA or DBNTC's conduct. Plaintiffs allege that DBTCA and DBNTC act as board members and have duties in the trusts. (FAC ¶ 30.) However, Plaintiffs do not allege which duties DBTCA or DBNTC have or how DBTCA or DBNTC's conduct with respect to those duties caused Plaintiffs' alleged injury. Plaintiffs also allege that "defendants are either the Servicer, Custodian, or Trustee" of the trusts. (FAC ¶ 29.) This allegation is insufficient to demonstrate an injury fairly traceable to DBTCA or DBNTC's conduct because it lumps together all Defendants' actions. Lumping all Defendants together without describing particular actions committed by a particular defendant fails to provide defendants with fair notice of the claims being asserted against them. See Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).

   Moreover, the only Plaintiff that has ever alleged that DBTCA owns its loan is Yau, (Compl. ¶ 29,) and he does not make that allegation in the FAC. Nor has any Plaintiff alleged that DBNTC owns his or her loan. To demonstrate standing, Plaintiffs must trace their injury to the defendant that holds or has held their loan. See Easter v. Am. W. Fin., 381 F.3d 948, 961-62 (9th Cir. 2004); see also Jordan v. Paul Fin., LLC, No. C 07-04496 SI, 2009 WL 192888, at *4 (N.D. Cal. 2009) ("A borrower cannot establish traceability – and therefore lacks standing – if a defendant lender has never held the borrower's loan.") (citing Easter, 381 F.3d at 961); Dash v. FirstPlus Home Loan Owner Trust 1996-2, 248 F. Supp. 2d 489, 504 (M.D.N.C. 2003) ("[T]he allegations in the Complaint are insufficient to confer standing against Defendants because Plaintiffs do not allege that Defendants hold their loan."). Thus, because Plaintiffs do not allege that DBTCA or DBNTC holds or has held their loans, they lack standing vis-a-vis DBTCA and DBNTC.

   Plaintiffs appear to try to salvage their lack of standing by asserting that Defendants participated in a "scheme." (Opp'n Br. 5.) In Easter, the Ninth Circuit left open the possibility that borrowers might be able to allege standing under the "juridical link" theory against Defendants that never held their loans if the borrowers' "injuries were the result of a conspiracy or concerted scheme between the Trust Defendants." 381 F.3d at 962. Here, Plaintiffs have not alleged a conspiracy or concerted action between the Defendants such that conduct by one Defendant could be fairly traceable to any other Defendant.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al. | | |

Finally, DBTCA and DBNTC have been sued in their individual corporate capacities, not merely as trustees for trusts holding Plaintiffs' loans. "A trustee is personally liable for obligations arising from ownership and control of trust property only if the trustee is personally at fault." Cal. Prob. Code § 18001. Personal fault requires a showing that the trustee acted intentionally or negligently. Haskett v. Villas at Desert Falls, 90 Cal. App. 4th 864, 877-78 (Ct. App. 2001) ("A trustee thus cannot be held personally liable . . . unless the party seeking to impose such liability on the trustee demonstrates that the trustee intentionally or negligently acted or failed to act in a manner that establishes personal fault.") (emphasis in original). Plaintiffs have not alleged how DBTCA or DBNTC acted intentionally or negligently such that they can be held personally liable. Accordingly, Plaintiffs lack standing to sue DBTCA and DBNTC in their individual capacities.

Accordingly, the Court finds that Plaintiffs have failed to adequately allege standing with respect to DBTCA and DBNTC.

    B.    HOLA Preempts the Tenth and Eleventh Claims against Aurora to the Extent these Claims Assert Improper Disclosures

Defendants argue that Plaintiffs' tenth and eleventh claims (unlawful/unfair acts in violation of Cal. Bus. & Profs. Code § 17200 and fraud, respectively) are preempted by Office of Thrift Supervision ("OTS") regulations promulgated under the Home Owners' Loan Act ("HOLA") to the extent that the tenth and eleventh causes of action assert that Aurora failed to make certain disclosures about Plaintiffs' loans and the HAMP program. (Mot. Br. 7.) The Court agrees.

Aurora is a wholly-owned subsidiary of Aurora Bank FSB, a federally chartered bank. (See FAC ¶ 45; Defs.' Request for Judicial Notice ("RJN") Exs. 2-3.) Therefore, same preemption analysis applies to Aurora as would apply to Aurora Bank FSB. See Watters v.Wachovia Bank, N.A., 127 S.Ct. 1559, 1564 (Apr. 17, 2007) ("We have never held that the preemptive reach of the NBA extends only to a national bank itself. Rather, . . . we have treated operating subsidiaries as equivalent to national banks with respect to powers exercised under federal law . . . .").

In Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001 (9th Cir. 2008), the Ninth Circuit addressed whether HOLA and OTS regulations preempt state laws in the context

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** | | |

of mortgage lending. Under HOLA, the OTS has "broad authority to issue regulations governing thrifts." Id. at 1005. These regulations have the same preemptive effect as federal statutes, id. (citing Fidelity Fed. Sav. & Loan Assoc. v. de la Cuesta, 458 U.S. 141, 153 (1982)), and OTS regulations occupy the entire field of lending regulation for federal savings associations, id. (citing 12 C.F.R. § 560.2(a)).[1] The Silvas court approved of the following procedure in determining whether a state law is preempted under § 560.2:

---

[1] Paragraph (a) of 12 C.F.R. § 560.2 provides as follows:

Occupation of field. Pursuant to sections 4(a) and 5(a) of the HOLA, 12 U.S.C. 1463(a), 1464(a), OTS is authorized to promulgate regulations that preempt state laws affecting the operations of federal savings associations when deemed appropriate to facilitate the safe and sound operation of federal savings associations, to enable federal savings associations to conduct their operations in accordance with the best practices of thrift institutions in the United States, or to further other purposes of the HOLA. To enhance safety and soundness and to enable federal savings associations to conduct their operations in accordance with best practices (by efficiently delivering low-cost credit to the public free from undue regulatory duplication and burden), OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law, including this part, without regard to state laws purporting to regulate or otherwise affect their credit activities, except to the extent provided in paragraph (c) of this section or § 560.110 of this part. For purposes of this section, "state law" includes any state statute, regulation, ruling, order or judicial decision.

12 C.F.R. § 560.2(a). Paragraph (b) provides illustrative examples of "the types of state laws preempted by paragraph (a)." See id. § 560.2(b). Paragraph (c) lists state laws that "are not preempted to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a)." See id. § 560.2(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al. | | |

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Id. (citing OTS, Final Rule, 61 Fed.Reg. 50951, 50966-67 (Sept. 30, 1996)). Here, lending disclosures are specifically listed in 12 C.F.R. § 560.2(b)(9). Thus, the analysis ends and the law is preempted.

Plaintiffs respond that HOLA and OTS regulations do not have preemptive effect because the Dodd-Frank Act recently amended HOLA to provide that HOLA does not occupy the field of lending regulation. (Opp'n Br. 10.) However, the Dodd-Frank Act was not in effect when Defendants allegedly made their improper disclosures and, in fact, is not set to take effect until July 21, 2011. See H.R. 4173, § 1062; 75 F.R. 57252-02, 2010 WL 3616738 (Sept. 20, 2010). Plaintiffs have not argued that the Dodd-Frank Act has retroactive application.

Plaintiffs also argue that under the United States Supreme Court's decision in Cuomo v. Clearing House Association, 129 S.Ct. 2710 (2009), the National Bank Act ("NBA") and HOLA do not preempt enforcement of violations of substantive state law. (Opp'n Br. 8-10.) Plaintiffs misunderstand Cuomo. The Cuomo decision did not hold that the NBA and HOLA lack preemptive effect. Rather, the decision addressed the NBA's provision that "[n]o national bank shall be subject to any visitorial powers except as authorized by Federal law" and other limited circumstances, 12 U.S.C. §484(a), and the OCC regulation providing that visitorial powers include "prosecuting enforcement actions," 12 C.F.R. § 7.4000. The Court concluded that a state Attorneys General may bring judicial enforcement actions without violating the visitorial powers provision of the NBA because the OCC erred in "extending the definition of vistorial powers to include prosecuting enforcement actions in state courts." Cuomo, 129 S.Ct. at 2721. 12 C.F.R. § 7.4000 (internal quotation marks and citation omitted). Visitorial powers are not at issue in this case. Thus, Cuomo does not limit the preemptive power of HOLA or the OTS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al. | | |

regulation discussed above.

Accordingly, Plaintiffs' tenth and eleventh claims are preempted insofar as they assert that Defendants made improper disclosures about Plaintiffs' loans and the HAMP program.

C.   Each Cause of Action Fails to State a Claim

1.   First and Second Claims: Breach of Contract / Unjust Enrichment

"A cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (Ct. App. 2008). Plaintiffs identify several agreements that could form the basis for their breach of contract claim, including "the forbearance agreements, temporary HAMP agreements or other post-default agreements." (FAC ¶ 175.)[2] However, Plaintiffs have not adequately alleged that Defendants breached any of these agreements.

Plaintiffs allege that Defendants' breached the agreements by taking their money then selling the property through foreclosure. (FAC ¶¶ 177-78.) However, after reviewing the agreements, it does not appear that such conduct constituted a breach of any of the identified agreements. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Burnett v. Chimney Sweep, 123 Cal. App. 4th 1057, 1064 (Ct. App. 2004) ("[W]hen a written instrument is attached to the pleading and properly incorporated therein by reference, the court may examine the exhibit and treat the pleader's allegations of its legal effect as surplusage.") (quotation omitted).

Defendants have not breached the temporary HAMP agreements. Even assuming

---

[2] The first cause of action alleges breach of these agreements. The second cause of action only alleges breach of the temporary HAMP agreements. (See FAC ¶ 183.) Although the second cause of action is more limited than the first, the Court addresses these causes of action together because both allege that Defendants breached the temporary HAMP agreements and were thereby unjustly enriched.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |

| | |
|---|---|
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |

that HAMP confers a private right of action, Yau's HAMP trial payment plan ("TPP") did not bind Aurora to permanently modify his loan. Instead, the TPP provided that the loan would not be modified "unless and until (i) [Yau] met all of the conditions required for modification, (ii) [Yau] received a fully executed copy of the Modification Agreement, and (iii) the Modification Effective Date has passed."[3] (FAC, Ex. 3 § 2(G).) The agreement went on to state that Yau understood and agreed that Aurora would "not be obligated or bound to make any modification of the Loan Documents if [he] fail[ed] to meet any one of the requirements under the Plan." (Id.) Yau has not alleged that he met all of the conditions required for permanent modification or that he received a fully executed copy of a permanent modification agreement. Thus, he has not raised an inference that Defendants breached the TPP by refusing to permanently modify his loan. See Grill v. BAC Home Loans Servicing, No. 10-CV-03057-FCD/GGH, 2011 WL 127891, at *4 (E.D. Cal. Jan. 14, 2011) (dismissing breach of contract claim based on same TPP language and similar allegations).

Nor have Plaintiffs adequately alleged that Defendants breached the forbearance agreements. Yau's Special Forbearance Agreement explicitly stated that the payments made thereunder would be insufficient to pay the outstanding balance and that at the expiration of the agreement, "a portion of the Arrearage will still be outstanding."(FAC, Ex. 6, Attachment A, ¶ b.) For this reason, the agreement provided that Yau's account would remain delinquent and, absent an adequate cure method, "regular collection activity will continue, including . . . the foreclosure process." (Id.) Yau does not allege that he entered into a cure method or otherwise paid the outstanding arrearage. Edman's Special Forbearance Agreement, on the other hand, provided for payments that, if made, would have cured the arrearage on his loan. (See FAC, Ex. 12, Attachment A, ¶ b.) These payments included four payments of just over three thousand dollars, and a final payment of $17,895.91. (FAC, Ex. 12, Attachment A, ¶ a.1.) However, Edman has not alleged that he made these payments. Instead, Edman alleges that he made the monthly payments but when the balloon payment became due, he hired counsel. (FAC ¶ 155.) The agreement

---

[3] These conditions on Yau's entitlement to a permanent loan modification contradict Plaintiffs' allegation that Defendants represented to Yau "that by entering into the . . . temporary HAMP agreement . . . [he] would be able to save his home in that defendant would not sell [his] home, and [he] would be able to either cure the default or receive a permanent loan modification." (FAC ¶ 173.) The Court notes that Yau has not alleged that he cured the default.

Case 8:11-cv-00006-JVS-RNB   Document 191   Filed 05/09/11   Page 9 of 17   Page ID #:5180

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |

| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |

explicitly stated that if Edman failed to make any of the payments, Aurora could immediately commence foreclosure action. (FAC, Ex. 12, ¶ 5.) Thus, under Yau and Edman's Special Forbearance Agreements, based on the facts alleged, Defendants' refusal to permanently modify Plaintiffs' loans and/or Defendants' foreclosure of Plaintiffs' properties did not constitute a breach.

Plaintiffs contend that they have adequately alleged a claim for breach of contract, citing Durmic v. J.P. Morgan Chase Bank, N.A., No. 10-CV-10380-RGS, 2011 WL 4825632 (D.Mass. Nov. 24, 2010), and Bosque v. Wells Fargo Bank, N.A., No. 10-10311-FDS, 2011 WL 304725 (D. Mass. Jan. 26, 2011). (Opp'n Br. 15.) Bosque is inapposite because in Bosque, the plaintiffs had abandoned their argument that they were entitled to a permanent modification and instead argued that they were entitled to a decision by the defendant "as to whether they will receive a permanent modification." 2011 WL 304725, at *4. Although Durmic supports Plaintiffs' argument, Durmic is an outlier. See Lonberg v. Freddie Mac, No. 10-6033-AA, 2011 WL 838943, at * (D.Or. Mar. 4, 2011) ("[E]very court that has reviewed this issue has unanimously agreed that a defendant's failure to provide a permanent loan modification solely on the basis of the existence of a TPP does not sufficiently state a breach of contract claim.") (citations omitted). After reviewing the terms of the agreements and Plaintiffs' allegations, including their failure to allege cure of the arrearage, the Court agrees with the majority of cases that have concluded that Plaintiffs have not adequately alleged a claim for breach of contract.

Because the FAC does not adequately allege breach of contract, the claims also fail insofar as they assert causes of action for unjust enrichment. Even if Plaintiffs had adequately alleged breach of contract, unjust enrichment is not a proper cause of action under California law. "The phrase 'unjust enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." Melchoir v. New Line Prod., Inc., 106 Cal.App.4th 779, 793 (Ct. App. 2003) (quoting Lauriedale Assoc., Ltd. v. Wilson, 7 Cal.App.4th 1439, 1448 (Ct. App. 1992)). "Unjust enrichment is a general principle, underlying various legal doctrines and remedies, rather than a remedy itself." Id. (quoting Dinosaur Dev., Inc. v. White, 216 Cal.App.3d 1310, 1315 (Ct. App. 1989) (quotation marks omitted)). Simply put, "there is no cause of action in California for unjust enrichment." Id. Therefore, Plaintiffs' claims for unjust enrichment fail to state a claim for which relief may be granted as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al. | | |

Accordingly, the first and second claims are dismissed.[4]

> 2. Third Claim: Breach of Written Contracts – Third Party Beneficiary

Plaintiffs also allege that Defendants have breached two contracts to which Plaintiffs are not parties: a May 2009 Servicer Participation Agreement ("SPA") between Fannie Mae and Aurora, (FAC, Ex. 1.), and an August 2010 amendment to the SPA between Fannie Mae and Aurora, (FAC, Ex. 2.).

Plaintiffs argue that they have a private right to sue under these contracts because they are intended beneficiaries of the contracts. (Opp'n Br. 15-18.) The Court disagrees. "[T]he existing case law weighs decisively in favor of defendant[s]: numerous district courts have interpreted identical HAMP [SPAs] and have come to the conclusion that a borrower is not a third party beneficiary." Hoffman v. Bank of America, N.A., No. C 10-2171 SI, 2010 WL 2635773, at *5 (N.D. Cal. June 30, 2010) (collecting cases).

At least two cases have decided that borrowers alleged sufficient facts to bring breach of contract claims as intended beneficiaries of HAMP SPAs. See Reyes v. Saxon Mortg. Servs., Inc., No. 09cv1366 DMS (WMC), 2009 WL 3738177, at *2 (S.D. Cal. Nov. 5, 2009); Marques v. Wells Fargo Home Mortg., Inc., No. 09-cv-1985-L(RBB), 2010 WL 3212131, at *7 (S.D. Cal. Aug. 12, 2010). However, subsequent cases have uniformly rejected the conclusion that borrowers may enforce SPAs as intended beneficiaries. See, e.g., Wright v. Bank of America, N.A., No. CV 10-01723 JF (HRL), 2010 WL 2889117, at *5 (N.D. Cal. July 22, 2010) (finding that plaintiff was not an intended beneficiary where the agreement merely obligated Defendants to evaluate, not modify, plaintiff's loan); Orcilla v. Bank of America, N.A., No. C10-03931 HRL, 2010 WL 5211507 at *3 n.2 (N.D. Cal. Dec. 16, 2010) ("[T]his Court . . . disagrees with [Marques'] conclusion as to the plaintiffs' status as an intended beneficiary."); Ansanelli

---

[4] Plaintiffs argue that they adequately alleged breach of the covenant of good faith and fair dealing. (Opp'n Br. 11-12, citing FAC ¶¶ 171-180.) However, the FAC does not assert a cause of action for breach of the covenant of good faith and fair dealing. The paragraphs cited by Plaintiffs are alleged in support of the first cause of action for breach of contract and unjust enrichment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al. | | |

v. J.P. Morgan Chase Bank, N.A., No. C 10-03892, 2011 WL 1134451 at *6 (N.D. Cal. Mar. 28, 2011) ("One such decision in the face of many others to the contrary is not persuasive, especially because Marques's analysis of the third-party beneficiary issue was dicta, as the court eventually held that plaintiff had failed to put forth sufficient factual allegations to state a breach of contract claim."); Rivera v. Bank of America Home Loans, No. 09 CV 2450(LB), 2011 WL 1533474, at *7 (E.D.N.Y. Apr. 21, 2011) ("In sum, although the primary purpose of the Agreement was to confer a direct benefit on qualified borrowers who could no longer afford their mortgage payments, the express terms of the Agreement foreclose the ability of borrowers to enforce any right to a loan modification under the agreement.") The Court finds the analysis of these cases more persuasive than that of Reyes and Marques.

As the court explained in Hoffman, "many of the courts have recognized [that] it would be unreasonable for a qualified borrower seeking a loan modification to rely on the HAMP servicer's agreement as granting him enforceable rights since the agreement does not actually require that the servicer modify all eligible loans, nor does any of the other language of the contract demonstrate that the borrowers are intended beneficiaries." 2010 WL 2635773, at *3. The Court agrees with this analysis and finds that Plaintiffs are not third party beneficiaries of the SPAs between Aurora and Fannie Mae.

Accordingly, the third claim is dismissed.[5]

> 3. **Fourth, Fifth, and Sixth Claims: Declaratory Relief – Default Cured, One Action Rule, and Improper Application and/or Calculation of Payments, Fees and Costs**

Plaintiffs' fourth, fifth, and sixth causes of action are for declaratory relief. A request for declaratory relief is a remedy and, therefore, does not state a cause of action. See In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 247 F.R.D. 420, 422

---

[5] Plaintiffs argue that "[i]f a valid contract cannot be pled, then [their first, second, and third claims for breach of contract] merely convert[] to one of negligence." (Opp'n Br. 18.) Plaintiffs do not cite any legal authority for this proposition. Nor have they pleaded a negligence claim elsewhere in the FAC. Accordingly, the Court declines to convert these causes of action to one for negligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** | | |

(S.D.N.Y. 2007). Furthermore, Plaintiffs have not successfully pled any causes of action that would entitle them to declaratory relief.

The fourth claim seeks declaratory judgment that the Plaintiffs cured their default. Plaintiffs argue that they have alleged that Plaintiffs cured their default. (Opp'n Br. 18, citing FAC ¶ 151.) However, paragraph 151 merely recites the terms of Edman's Special Forbearance Agreement and, as explained above, Edman does not allege that he made all of the payments required under that agreement. Nor do the allegations in support of this claim allege that Plaintiffs cure their default. (See FAC ¶¶ 197-201.) Plaintiffs cite no authority for their argument that "acceptance of a payment after default is a cure of that part of the default" and, even if true, this would not mean that the entire default was cured by acceptance of a partial payment. (See Opp'n Br. 18.) Thus, plaintiffs have not adequately alleged that they are entitled to declaratory judgment that they have cured their default.

The fifth claim seeks declaratory judgment that Defendants are unsecured creditors under the One Action Rule. (See FAC ¶¶ 202-06.) California's "One Action Rule," Section 726(a) of the California Code of Civil Procedure, states that "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property." Cal. Civ. Proc. Code § 726(a). Plaintiffs allege that Defendants "violated the One Action Rule so [Defendants are] reduced to the status of unsecured creditor." (FAC ¶ 204.) Plaintiffs do not allege how Defendants violated the rule. The rule "applies only where the creditor-beneficiary has brought an action against the debtor-trustor to recover a debt or to enforce some right secured by a deed of trust." Passanisi v. Merit McBridge Realtors, Inc., 190 Cal. App. 3d 1496, 1506 (Ct. App. 1987). Here, Defendants have not brought an action against Plaintiffs. Thus, the One Action Rule does not apply, and this claim is dismissed with prejudice. In their opposition, Plaintiffs argue that Defendants violated another rule of section 726, the Security First Rule, by "tak[ing] money before taking the security." (Opp'n Br. 19.) This is not true. "[The security-first rule does not prohibit agreements between a lender and borrower that attempt to prevent foreclosure on the security interest. Instead, this rule requires the sale of the secured property before the lender pursues the debtor personally for any further deficiency." Mehta v. Wells Fargo Bank, N.A., 737 F. Supp. 2d 1185, 1202 (S.D. Cal. 2010). Thus, because Plaintiffs have not alleged that Defendants have pursued them personally, they have not alleged that Defendants violated section 726.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** | | |

The sixth claim seeks declaratory judgment that Plaintiffs did not breach their obligations and the notice of default and election to sell were invalid because "the beneficiary improperly applied and/or calculated plaintiffs payments, costs, fees, insurance, taxes and other charges prior to, during, and/or after default." (FAC ¶¶ 209-10.) Plaintiffs do not allege any facts in support of this conclusion.

Accordingly, the fourth, fifth, and sixth claims are dismissed.

    4.  <u>Seventh Claim: Fraud / Misrepresentation of Material Fact</u>

"Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." <u>Vess</u>, 317 F.3d at 1105 (internal quotation marks and citations omitted). Plaintiffs allege that Defendants committed fraud by falsely representing that they wanted to help Plaintiffs maintain ownership of their homes and that Plaintiffs' arrearage would be repaid if they made the payments due under their special forbearance agreements. (FAC ¶¶ 217, 219.)

Plaintiffs have not adequately alleged justifiable reliance and falsity. "Reasonable reliance under California law ordinarily cannot be shown when written documents contradict alleged oral misrepresentations." <u>Omni Home Fin., Inc. v. Hartford Life &Annuity Ins. Co.</u>, No. 06-CV-921, 2008 WL 1925248, at *4 (S.D. Cal. April 29, 2008) (citing <u>Cohen v. Wedbush, Noble, Cooke, Inc.</u>, 841 F.2d 282 (9th Cir. 1988). As explained above, Yau's Special Forbearance Agreement explicitly stated that his payments would not cure his arrearage. Therefore, even assuming that the alleged misrepresentations were oral statements, Yau cannot demonstrate that reliance on such representations was reasonable. Edman's Special Forbearance Agreement, on the other hand, did state that making all of the payments due under the agreement would cure his arrearage. However, Edman did not allege that he made all of the payments due under the agreement. Thus, Edman cannot demonstrate that the representations made in his forbearance agreement were false.

Accordingly, the seventh claim is dismissed.

    5.  <u>Eighth Claim: Injunctive Relief</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** | | |

Injunctive relief is a remedy, not a separate legal theory upon which liability may be premised. See Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010) (noting that to obtain preliminary injunctive relief, a plaintiff must establish either a likelihood of success on the merits or "serious questions going to the merits" of his claims); McDowell v. Watson, 59 Cal. App. 4th 1155, 1159-60 (1997) ("Injunctive relief is a remedy and not, in itself, a cause of action.") Furthermore, Plaintiffs have not successfully pled any causes of action that would entitle them to injunctive relief.

Accordingly, this claim is dismissed.

### 6. Ninth Claim: Accounting

Plaintiffs allege that the "amount of money defendant owes to plaintiff or vice versa is unknown and cannot be determined without an accounting." (FAC ¶ 233.) Ordinarily, Plaintiffs must demonstrate a fiduciary relationship between themselves and Defendants as well as refer to a sum owed to them by Defendants in order to successfully bring a claim in equity for an accounting. See Whann v. Doell, 192 Cal. 680 (1923); Kritzer v. Lancaster, 96 Cal. App. 2d 1 (Ct. App. 1950). Plaintiffs have not alleged such a fiduciary relationship, nor have they pled any of the extraordinary situations which might otherwise substantiate an assertion of equity jurisdiction. See Hafiz v. Greenpoint Mortg. Funding, Inc.,652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). The claim for accounting fails on this basis. This claim also fails because "[a] request for legal accounting must be tethered to relevant actionable claims." Id. Plaintiffs cannot merely allege that they do not know how much money they owe and that this amount cannot be calculated without an accounting. Id.

Accordingly, this claim is dismissed.

### 7. Tenth Claim: Unfair and Unlawful Practices in Violation of California Business and Professions Code §§ 17200, et seq.

California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., "permits violations of other laws to be treated as unfair competition." Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002). Plaintiffs "must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of Cal., Inc., 17 Cal. Rptr. 2d 708 (Ct. App. 1993) (emphasis supplied).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |

| | |
|---|---|
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |

Plaintiffs allege that Defendants violated the UCL by (a) engaging in a pattern and practice of refusing to provide permanent loan modifications to borrowers in temporary HAMP plans, (b) fraudulently misleading the public into believing that if they made additional payments they would have an opportunity to cure their loans, and (c) violating Cal. Code Civ. P. § 726. (FAC ¶ 239.) As explained above, Defendants were not obligated to provide permanent loan modifications to borrowers in temporary HAMP plans and Plaintiffs have not adequately alleged fraudulent misrepresentation or violation of section 726. Plaintiffs also allege that Defendants engaged in "unfair" business practices by violating certain laws and underlying legislative policies. (Id.) However, Plaintiffs do not allege how Defendants violated these laws and policies. Therefore, Defendants have not alleged facts demonstrating an underlying violation that can form the basis for a UCL claim.

Accordingly, this claim is dismissed.

### 8. Eleventh Claim: Fraudulent Concealment

"In California, plaintiffs alleging fraudulent concealment must plead five elements: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." Grant v. Aurora Loan Services, Inc., 736 F. Supp. 2d 1257, 1272 (C.D. Cal. 2010) (internal quotations and citations omitted).

Plaintiffs have not adequately alleged a duty to disclose the allegedly concealed facts to Plaintiffs. Plaintiffs allege that "Aurora was under a duty by the terms of the contract with Fannie Mae to disclose [the identify of the owner of the loan] to Fannie Mae." (FAC ¶ 246.) Plaintiffs do not allege that Aurora was under a duty to disclose the information to Plaintiffs. Even if they had, such an allegation would be a legal conclusion, and Plaintiffs have not alleged additional facts demonstrating that Defendants had a legal duty to disclose any of the allegedly concealed facts to Plaintiffs.

Accordingly, this claim is dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |

Title    **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

       9.       <u>Twelfth Claim: Declaratory Relief / Injunction (on behalf of Gloria Yau)</u>

      Plaintiffs' final cause of action seeks declaratory and injunctive relief that Defendants cannot foreclose on Gloria Yau's property because she did not sign the Note and was not a co-borrower on the loan with her husband, Eddie Yau. (FAC ¶¶ 10, 257, 259.) Defendants argue that this claim fails because Gloria Yau initialed every page and signed the deed of trust. (Mot. Br. 27; RJN, Ex. 1.) Plaintiffs have not responded to this argument and a review of the deed shows that Gloria Yau initialed and signed it. Furthermore, as explained above, declaratory and injunctive relief are remedies, not separate legal theories upon which liability may be premised.

      Accordingly, this claim is dismissed with prejudice.

      D.       <u>Class Treatment</u>

      Plaintiffs also plead certain class allegations, (FAC ¶¶ 158-170), and conclude that the putative class meets the requirements of Federal Rule of Civil Procedure 23(b). Although the question of class certification is not before the Court, the Court briefly addresses the issue.

      Plaintiffs identify two classes: the "HAMP Subclass" and the "Forbearance Subclass." (<u>Id.</u> ¶ 158.) The Hamp Subclass includes "California homeowners who were denied permanent HAMP loan agreements after entering . . . a temporary HAMP agreement with defendant Aurora whose loans are held by DBNT as Custodian, and making their payments as requested under the temporary HAMP agreement." (<u>Id.</u>) The Forbearance Subclass includes "California homeowners who were denied permanent HAMP loan agreements after entering . . . a temporary limited modification Special Forbearance agreement with defendant Aurora whose loans are held by DBNT as Custodian, and making their payments as requested under the temporary HAMP agreement." (<u>Id.</u>)

      Plaintiffs allege that common questions of law and fact predominate, (<u>id.</u> ¶ 164), but many of these allegedly common questions will require individual factual determinations. For example, Defendants argue that the following issues will require individual factual determinations within the HAMP Subclass: each Plaintiff's eligibility

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | May 9, 2011 |
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** | | |

for HAMP, application for HAMP, qualification for non-foreclosure options, which other non-foreclosure options each Plaintiff sought to determine actual harm, each Plaintiff's compliance with his/her trial plan and that his/her oral representation of income matched the documented income provided, and whether the NPV test performed for his/her loan was proper. (Mot. Br. 28-29.) Plaintiffs argue that similar individualized determinations will be needed for the Forbearance Subclass, with the additional caveat that forbearance plans are not uniform and therefore would "require plaintiff-by-plaintiff assessment." (Mot. Br. 29-30.) Plaintiffs do not respond to Defendants' arguments. After reviewing the allegations, it does not appear that common questions of law and fact predominate over questions affecting individual plaintiffs.

Thus, the Court doubts that this action is appropriate for class treatment. In any event, the class allegations cannot stand in light of the dismissal of each named Plaintiff's claims.

## IV. Conclusion

For the foregoing reasons, the motion is GRANTED. The fifth and twelfth claims are dismissed with prejudice. Plaintiffs are granted leave to replead the remaining claims within thirty days.

| | 0 | : | 13 |
|---|---|---|---|
| Initials of Preparer | kjt | | |