## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | November 8, 2011 |

| | |
|---|---|
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |

| | | |
|---|---|---|
| Present: The Honorable | James V. Selna | |
| | Karla J. Tunis | Not Present |
| | Deputy Clerk | Court Reporter |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

Proceedings:     **(IN CHAMBERS)   Order Granting Defendant Aurora Loan Services LLC's Motion to Dismiss Third Amended Complaint (Fld 9-26-11) and Denying Plaintiff's Amended Motion for Leave to Amend the 3rd Amended Complaint and Adjust Scheduling Order (Fld 8-28-11)**

On September 11, 2011, Plaintiffs filed a motion for leave to amend the Third Amended Complaint ("TAC") and adjust the scheduling order.  (Doc. No. 232.)  Defendant Aurora Loan Services, LLC ("Aurora") filed opposition on September 29, 2011.[1]  (Doc. No. 251.)  Plaintiffs replied on October 3, 2011.  (Doc. No. 252.)  Plaintiffs also filed a request for judicial notice, which the Court grants.  (Doc. No. 255.)

On September 26, 2011, Aurora filed a motion to dismiss the TAC.  (Doc. No. 250.)  Plaintiffs opposed on October 10, 2011.  (Doc. No. 253.)  Plaintiffs also filed a request for judicial notice, which the Court grants.  (Doc. No. 254.)  On October 17, 2011, Aurora replied.  (Doc. No. 258.)

For the reasons set forth below, the Court denies Plaintiffs' motion for leave to amend the TAC, and grants Aurora's motion to dismiss the TAC.

I.    Procedural History

Plaintiffs initiated this action on January 3, 2011 by filing their initial complaint.  The First Amended Complaint ("FAC") was filed on March 11, 2011.  Defendants moved to dismiss the FAC on April 1, 2011, and the Court granted the motion on May 9, 2011

---

[1] Defendants Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company were dismissed with prejudice on August 31, 2011.  (Doc. No. 231.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00006-JVS(RNBx) | Date | November 8, 2011 |
|---|---|---|---|

| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |
|---|---|

(Doc. No. 191). Plaintiffs were granted leave to amend those claims dismissed without prejudice. Plaintiffs filed the Second Amended Complaint ("SAC") on June 8, 2011. Defendants moved to dismiss the SAC and the Court granted the motion on August 31, 2011 (Doc. No. 231).

Of relevance to Plaintiffs' present motion, in the Court's order dismissing the SAC, the Court noted that many of the claims asserted in the SAC were not asserted in the FAC. (Id. at 3.) Specifically, the FAC did not assert the following claims: breach of the covenant of good faith and fair dealing, negligence, violation of Perata Mortgage Relief Act, Cal. Civ. Code § 2923.5, violation of the Rosenthal Act, Cal. Civ. Code § 1788 et seq., wrongful foreclosure, or breach of fiduciary duty. The Court pointed out that in order to allege these new claims, Plaintiffs needed Defendants' consent or leave of Court. Because Plaintiff had neither, these new claims were dismissed without prejudice. (Id.) In the same order, Plaintiffs were granted leave to amend the breach of contract claim.

The TAC, alleging only a breach of contract claim, was filed on September 9, 2011. Plaintiffs' motion, which attaches a copy of the proposed Fourth Amended Complaint ("4AC") followed two days later. The proposed 4AC asserts the following claims: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) negligence, (4) violation of the Perrata Mortgage Relief Act, (5) violation of California Recording and Foreclosure Statutes, (6) claims under California Civil Code § 1203, (7) violation of the Rosenthal Act, and (8) violation of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200. The second, third, fourth, seventh, and eighth claims were newly raised in the SAC and dismissed on August 31, 2011. The fifth and six claims are newly proposed for the 4AC.

Aurora opposes Plaintiffs' request to file the proposed 4AC and Aurora has moved separately for dismissal of the TAC with prejudice.

II.   Legal Standard

A.   Rule 15

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend pleadings] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Although leave to amend is liberally granted under Rule15(a), undue delay, bad faith in

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | | |
|---|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | | Date | November 8, 2011 |

| | |
|---|---|
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |

seeking amendment, or undue prejudice to the party opposing amendment are grounds for denying leave to amend." Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986). In addition, the futility of amendment and the previous granting of leave to amend may be considered by the Court in deciding whether to allow further amendments. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). Courts have held that "'[t]he single most important factor is whether prejudice will result to the nonmovant.'" Genentech, Inc. v. Abbot Labs., 127 F.R.D. 529, 530 (N.D. Cal. 1989) (quoting Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 666 (Fed. Cir. 1986)); see also In re Circuit Breaker Litig., 175 F.R.D. 547, 551 (C.D. Cal. 1997) ("[T]he resulting prejudice to the opposing party is by far the most important and most common reason for upholding a district court's decision to deny leave to amend. The opposing party has the burden of demonstrating prejudice.").

B    Rule 16

Under Rule 16, a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Where a party seeks leave to amend the pleadings after the deadline set in the scheduling order, that party must satisfy the more stringent "good cause" standard under Rule 16, rather than merely the limited constraints of Rule 15(a). AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 952 (9th Cir. 2006). A party seeking amendment after the scheduling order deadline "must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' [is] shown, the party must demonstrate that amendment was proper under Rule 15." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) (citing Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987); Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 166 (W.D. Mo. 1989)).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." Id. at 609 (quoting Forstmann, 114 F.R.D. at 85) (internal quotation marks omitted). While Rule 15(a)'s liberal amendment policy focuses on the bad fath of the party seeking amendment and any prejudice to the opposing party, Rule 16(b) "primarily considers the diligence of the party seeking the amendment." Id. If the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension[,]" the order may be modified. Id. (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 11-00006-JVS(RNBx) | Date | November 8, 2011 |

| | |
|---|---|
| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |

C.      Rule 12(b)(6)

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  A plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility" if the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009).

In resolving a Rule 12(b)(6) motion under Twombly, the Court must follow a two-pronged approach.  First, the Court must accept all well-pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Nor must the Court "accept as true a legal conclusion couched as a factual allegation."  Id. at 1949-50 (quoting Twombly, 550 U.S. at 555).  Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief."  Id. at 1950. This determination is context-specific, requiring the Court to draw on its experience and common sense, but there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."  Id.

III.   Discussion: Motion for Leave to Amend

Because the last day for seeking leave to amend the pleadings, as set by the Court's May 11, 2011 scheduling order, has already passed (Doc. No. 189 ¶ 1), Plaintiffs must demonstrate good cause under Rule 16, as well meet the requirements of Rule 15. Johnson, 975 F.2d at 608.

As an initial matter, as set forth in its August 31, 2011 order dismissing the SAC, the Court will consider Plaintiffs' motion to amend the complaint.  (Doc. No. 231 at 11.)

A.      Good Cause under Rule 16(b)

Plaintiffs argue that there can be no question about diligence because they requested Defendants' consent to amendment on the same day the tentative ruling on Defendants' motion to dismiss was issued.  (Mot. at 5.)  Plaintiffs also contend that no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00006-JVS(RNBx) | Date | November 8, 2011 |
|---|---|---|---|

| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |
|---|---|

prejudice will result if amendment is allowed. (Id. at 5-6.)

Plaintiffs do not explain why they only sought to add the new claims when filing the SAC.[2] Plaintiffs do not allege that new facts were uncovered in between filing the FAC and SAC. Instead, Plaintiffs focus on the diligence that took place after the SAC was dismissed. This is not the proper focus of the diligence inquiry.

On the other hand, discovery has been stayed and the pretrial and trial dates have been vacated. (Doc. No. 230.) Aurora does not address good cause or prejudice under Rule 16(b). For the purposes of resolution of this motion, the Court assumes Plaintiffs have made the necessary showing of good cause. Thus, the Court analyzes whether amendment under Rule 15(a) is proper as to the proposed claims.

B. <u>Amendment under Rule 15(a)</u>

Because the new claims are premised on facts previously known to Plaintiffs, the Court questions whether there was undue delay in asserting those claims. The Court also questions at what point Aurora becomes prejudiced by having to respond to different claims based on the same factual allegations. However, the Court need not decide whether the new claims dismissed in the August 31, 2011 order are barred by undue delay or prejudice because the Court finds that adding the proposed claims would be futile. <u>Buckley</u>, 356 F.3d at 1077.

1. <u>Breach of The Covenant of Good Faith and Fair Dealing</u>

"[E]very contract contains an implied covenant of good faith and fair dealing that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." <u>Wolf v. Walt Disney Pictures & Television</u>, 162 Cal. App. 4th 1107, 1120 (2008) (internal quotations and citations omitted). This covenant "rests upon the existence of some specific contractual obligation." <u>Racine & Laramie, Ltd. v. Dep't of Parks & Rec.</u>, 11 Cal. App. 4th 1026, 1031 (1993). The covenant "is read into contracts in order to protect the express [terms] or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." <u>Foley v. Interactive Data Corp.</u>, 7 Cal. 3d 654, 690 (1988). "In essence, the covenant is implied as

---

[2] Plaintiffs also provide no explanation as to the two new claims they propose for the 4AC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 11-00006-JVS(RNBx)                    Date   November 8, 2011

Title       **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract." Love v. Fire Ins. Exchange, 221 Cal. App. 3d 1136, 1153 (1990) (emphasis in original).

Plaintiffs allege that they entered into agreements with the original lenders and trustees under deeds of trust. (4AC ¶ 442.) Plaintiffs further allege that Aurora became obligated under the deeds of trust when Aurora became the loan servicer and purported to be the new beneficiary following a corporate assignment of deeds of trust to Aurora. (Id. ¶ 445.) Plaintiffs contend that Aurora breached the covenant of good faith and fair dealing by counseling borrowers to default on their loans, failing to perform loan servicing functions consistent with industry standards, and failing to process applications in a timely fashion, among other things. (Id. ¶ 447.)

Aurora argues that this claim fails because Aurora was not a party to the deeds of trust. (Opp'n at 7.) Aurora cites Conder v. Home Savings of Am., 680 F. Supp. 2d 1168, 1174 (C.D. Cal. Jan. 27, 2010), for the proposition that Aurora's contract with the lender does not create contractual privity between Aurora and each Plaintiff. (Id. at 8.)

Plaintiffs do not base their breach of covenant claim on an alleged oral contract between Aurora and each Plaintiff. Instead, they conclude that Aurora is obligated under the deeds of trust because the deeds were assigned to Aurora as the new loan servicer. (Reply at 7.) Aurora is correct that this is not enough to bring Aurora into privity with Plaintiffs as to the deeds of trust. "As a loan servicer, Aurora is not a party to the deed of trust itself." Conder, 680 F. Supp. 2d at 1174 (internal quotation marks omitted).

Plaintiffs' reliance on Aceves v. U.S. Bank, 192 Cal. App. 4th 218 (2011), is unavailing. Aceves involved an oral promise by the bank to work with the borrower, on which the borrower relied to her detriment. The court analyzed whether promissory estoppel applied against the bank based on its promise to work with the borrower on a loan reinstatement if she would forego further bankruptcy proceedings. The case does not discuss whether assignment of beneficial interest of a deed of trust creates privity between a new loan servicer and a borrower.

Thus, if there is no contractual relationship with respect to the deeds of trust, there can be no breach of the covenant of good faith and fair dealing flowing therefrom. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00006-JVS(RNBx) | Date | November 8, 2011 |
|---|---|---|---|

| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |
|---|---|

Kehoe v. Aurora Loan Services LLC, No. 3:10-cv-00256-RCJ- RAM, 2010 WL 4286331, *8 (D. Nev. Oct. 20, 2010) (where plaintiffs could not establish underlying contractual relationship with loan servicer, servicer could not be liable as a matter of law for violation of the covenant of good faith and fair dealing).

Even if Aurora owed a duty of good faith and fair dealing to Plaintiffs under the deeds of trust, Plaintiffs fail to allege how Aurora's foreclosures under the express terms of the deed of trust frustrated Plaintiffs' ability to make payments.  Plaintiffs do not allege that the deeds of trust guaranteed loan modification.  Rather, Plaintiffs admit they stopped making payments before Aurora's alleged wrongful handling of the requests for loan modification.  See id. (where plaintiffs failed to allege a right to modification in the contract, they could not establish that the servicer "acted in a manner unfaithful to the contract").  Accordingly, the motion to amend with respect to this claim is denied because the amendment would be futile.

      2.   <u>Negligence</u>

Plaintiffs allege that Aurora had a duty to exercise reasonable care and skill, which they breached by failing to offer foreclosure prevention services, as required by federal law, maintain accurate loan records, timely and accurately process loan modification requests, stop unlawful foreclosure sales, ensure proper chain of title, and follow uniform loan modification practices, among other things.  (4AC ¶ 454.)  Plaintiffs contend these acts were negligent because the land records demonstrate the Notices of Default were void and Aurora had no right to proceed with foreclosures or subject Plaintiffs to high-stress situations regarding the status of their homes.  (Id. ¶ 455.)

Citing Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095-96 (1991), and other similar cases, Aurora argues that financial institutions owe no duty of care to a borrower where the institution's role in the transaction is merely a lender of money.  (Opp'n at 12-13.)  Aurora further argues that because no facts are alleged suggesting it exceeded its conventional role as a loan servicer, adding this claim would be futile.  (Id. at 13.)  Aurora also points out that where a relationship is governed by contract, the economic loss rule bars negligence claims unless an independent legal duty has been violated.  (Id.)

Plaintiffs respond that the negligence claim is based on statutory violations which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00006-JVS(RNBx)                    Date   November 8, 2011

Title   **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

supply both the duty and breach, and some courts have found a duty of care in similar cases.  (Reply at 8.)

Plaintiffs cite no authority for the proposition that alleging a statutory violation gives way to a follow-on negligence claim.  Plaintiffs' reference to "various state and federal regulations" is insufficient to give rise to a separate claim for negligence.  To the extent Plaintiffs are attempting to repackage previously dismissed claims (e.g., no private right of action under HAMP) as a tort-based claim for negligence, this strategy lacks merit.

The Court agrees with Aurora that no facts are alleged suggesting that Aurora exceeded its conventional role as a loan servicer.  Thus, no duty of care is owed on Plaintiffs' allegations.  See Watts v. Decision One Mortg. Co., LLC,  No. 09 CV 0043 JM (BLM), 2009 WL 2044595, *3 (S.D. Cal. July 13, 2009) (acting in the capacity of loan servicer imposes no legal duty of care on the servicer, and where no legal duty was assumed by the servicer and no special relationship existed, plaintiff's negligence claim failed).  Accordingly, adding this claim would be futile.

3.    Violation of Perata Mortgage Relief Act

Plaintiffs allege that Aurora did not initiate exploration of foreclosure alternatives with each Plaintiff until after a Notice of Default was recorded.  (4AC ¶ 460.)

Aurora argues that this claim is barred for most of the named borrowers because their properties have already been sold at a foreclosure sale, and others are not in danger of foreclosure.  (Opp'n at 14-15.)  Even if a Plaintiff was not contacted prior to foreclosure, Aurora argues no prejudice can be shown.  (Id. at 16.)

Section 2923.5 provides that a notice of default may not be issued until thirty days after initial contact is made with the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."  Cal. Civ. Code § 2923.5(a)(2).    "The right conferred by section 2923.5 is a right to be contacted to 'assess' and 'explore' alternatives to foreclosure *prior* to a notice of default.  It is enforced by the postponement of a foreclosure sale."  Mabry v. Superior Court, 185 Cal. App. 4th 208, 225 (2010) (emphasis added).  Notwithstanding this right, non-compliance with section 2923.5 does not "cause any cloud on title after an otherwise properly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00006-JVS(RNBx)                    Date   November 8, 2011

Title      **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

conducted foreclosure sale." Id. at 235. "[T]he only remedy provided is a postponement of the sale before it happens." Id. See also Argueta v. J.P. Morgan Chase, —F. Supp. 2d —, No. CIV. 2:11–441 WBS GGH, 2011 WL 1376701, *6 (E.D. Cal. Apr. 12, 2011) ("The only remedy for violation of this statute is postponement of a foreclosure sale until there has been compliance with the statute.").

Plaintiffs' allegations establish that Aurora did in fact assess Plaintiffs' financial situation and explore various loan modification options before foreclosure sales occurred, in the event that such sales occurred. See, e.g., 4AC ¶¶ 58, 65, 67, 84, 106, 118, 126, 136. Because the only remedy for violation of this statute is postponement of a foreclosure sale until there has been compliance, Plaintiffs' allegations that Aurora complied, albeit belatedly, foreclose a claim for relief. Moreover, as to those Plaintiffs whose foreclosure sales have *already occurred*, Plaintiffs have no remedy under section 2923.5. Mabry, 185 Cal. App. 4th at 235. Accordingly, addition of this claim would be futile.

    4.    Violation of the Rosenthal Act

Plaintiffs allege that Aurora is a debt collector within the meaning of Cal. Civ. Code 1788.2(c). (4AC ¶ 511.) Plaintiffs contend that Aurora violated California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), as well as the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, by making false, deceptive, and misleading statements that a borrower's loan modification application was still being processed in order to collect more payments from the borrower after default was issued. (Id. ¶ 515.) Plaintiffs allege that Aurora's ongoing temporary payment plans were actually a debt collection practice rather than an honest effort to modify the borrowers' loans. (Id. ¶ 518.) Plaintiffs also allege misleading and deceptive land recordings. (Id. ¶¶ 520-22.)

Aurora argues that it is not a debt collector under the Rosenthal Act and foreclosure is not debt collection. (Opp'n at 16-17.) Aurora contends that Plaintiffs' failure to allege that Aurora began servicing the loans after they were in default is fatal to this claim.

Under the FDCPA, the definition of a debt collector does not include anyone collecting a debt where the debt was not in default at the time it was obtained by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00006-JVS(RNBx)                      Date   November 8, 2011

Title      **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

person trying to collect.[3]  15 U.S.C. § 1692a(6)(F)(iii).  The Rosenthal Act incorporates the majority of the FDCPA.  Cal. Civ.Code § 1788.17.  Under the Rosenthal Act:

> The term "debt collector" means any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection. The term includes any person who composes and sells, or offers to compose and sell, forms, letters, and other collection media used or intended to be used for debt collection, but does not include an attorney or counselor at law.

Cal. Civ. Code § 1788.2(c).

Although the definition of "debt collector" under the RFDCPA does not specifically mention a lender or servicer foreclosing on a property, "[t]he 'law is clear that foreclosing on a deed of trust does not invoke the statutory protections of the RFDCPA.'"  Jensen v. Quality Loan Service Corp., 702 F. Supp. 2d 1183, 1200 (E.D. Cal. 2010) (quoting Collins v. Power Default Servs., Inc., No. 09-4838 SC, 2010 WL 234902, *3 (N.D. Cal. Jan. 14, 2010) (collecting numerous cases)).  The Jensen court noted that "'foreclosure pursuant to a deed of trust does not constitute debt collection under the RFDCPA.'"  Id. (quoting Castaneda v. Saxon Mortgage Servs., Inc., 687 F. Supp. 2d 1191, 1197 (E.D. Cal. 2009)).  See also Gonzalez v. First Franklin Loan Servs., No. 1:09-CV-00941 AWI-GSA, 2010 WL 144862, *7 (E.D. Cal. Jan. 11, 2010) ("[F]oreclosure related actions . . . do not implicate the RFDCPA.").[4]  Accordingly, the motion to amend is denied as to this claim because adding it would be futile.

5.      UCL Claim

_____

[3] In Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), the Fifth Circuit noted that the "legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."

[4] Morales v. Chase Home Finance LLC, 2011 WL 1670045, *9 (N.D. Cal. Apr. 11, 2011), cited by the Northern District of California in an order attached to Plaintiffs' Request for Judicial Notice, is distinguishable because in Morales, Chase did not dispute that it was a "debt collector" under the RFDCPA.  Thus, the court assumed as much before analyzing the RFDCPA claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00006-JVS(RNBx)                    Date   November 8, 2011

Title   **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

In its August 31, 2011 order dismissing the SAC, the Court dismissed with prejudice Plaintiffs' UCL claim under Cal. Bus. & Prof. Code § 17200 et seq., "except to the extent Plaintiffs may obtain leave to plead the [new claims dismissed in the same order] and such claims may serve as a predicate to a UCL claim, and to the extent that Plaintiffs' repleaded breach of contract claim may serve as a predicate for a UCL claim." (Doc. No. 231 at 11.)

Because the Court denies Plaintiffs' motion for leave to amend based on the futility of the new claims, Plaintiffs' UCL claim is likewise futile to the extent it is based on these claims.[5]

6.     Other Claims

In addition to the new claims discussed in the Court's August 31, 2011 order, Plaintiffs seeks leave to add claims for (1) violation of the California recording and foreclosure statutes (fifth claim for relief), and (2) claims under California Civil Code § 1203 (sixth claim for relief).

Aurora argues that these claims are improper because the Court did not give Plaintiffs permission to seek leave to add them; only those claims dismissed without prejudice in the August 31, 2011 order were contemplated as the subject of Plaintiffs' motion. (Opp'n at 4.)

At the September 8, 2011 status conference, the Court indicated that Plaintiff could seek leave to amend any claims Plaintiffs thought were appropriate. Therefore, the Court considers the motion as to these claims as well.

a.     California Recording & Foreclosure Statutes

---

[5] Although the Court's August 31, 2011 dismissal with prejudice at to the UCL claim did not apply to the UCL claim "to the extent that Plaintiffs' repleaded breach of contract claim may serve as a predicate for a UCL claim," Plaintiffs did not include a UCL claim in the TAC along with their repleaded breach of contract claim. Because Plaintiffs included a UCL claim in the proposed 4AC, it appears that Plaintiffs intended to abandon the UCL claim as to the repleaded breach of contract claim in the TAC, and instead intended to assert the UCL claim only as to the new claims in the 4AC. Because the Court denies Plaitiffs leave to file the 4AC, the UCL claim, to the extent it could have been premised on the breach of contract claim, is abandoned because it is absent from the TAC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00006-JVS(RNBx)          Date   November 8, 2011

Title   **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

Plaintiffs allege that on April 13, 2011, the Office of Thrift Supervision ("OTS") found that Aurora engaged in unsafe or unsound banking practices, including filing mortgage documents in court or in local land records that were not properly notarized, foreclosure without ensuring the note and mortgage were properly signed, and failing to properly administer and oversee foreclosure processes and internal controls, among other things.  (4AC ¶ 466.)

Plaintiffs allege improper foreclosure by Aurora.  (Id. ¶ 468.)  Plaintiffs further allege that Aurora transferred each note secured by a deed of trust to Mortgage Electronic Registration Systems, Inc. ("MERS") into securitized trusts 60 days after the loan was made, but the assignment of the deed of trust did not follow the note, so it could not carry the debt.  (Id. ¶¶ 472-73.)  Because the note and the deed were not together, Aurora had no right to foreclose.  (Id. ¶ 475.)  Plaintiffs also allege that the assignment of the deed of trust and substitution of trustee were not recorded until after notice of default was recorded.  (Id. ¶ 481.)

Plaintiffs' theory about the note and the deed of trust has been flatly rejected. Recently the Eastern District of California explained:

> There is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose.  Rather, the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure.  Accordingly, the statute does not require a beneficial interest in both the Note and the Deed of Trust to commence a non-judicial foreclosure sale.

Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010). See Cal. Civ. Code § 2924(a)(1).  Likewise, power of sale pursuant to the deed of trust is not lost when the original note is securitized in a trust pool.  Lane, 713 F. Supp. 2d at 1099.

Plaintiffs' theory about the substitution of trustee also lacks merit.        Section 2934a provides that a substitution of trustee may be filed after a notice of default is recorded so long as proper notice is given.  Cal. Civ. Code § 2934a(c).  In any event, because *any* authorized agent of the trustee, mortgagee or beneficiary may file a notice of default, it is immaterial to the validity of the foreclosure process whether a trustee has

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00006-JVS(RNBx) | Date | November 8, 2011 |

| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |

been officially substituted before issuance of the notice of default.  Wood v. Aegis
Wholesale Corp., No. 1:09-CV-536-AWI-GSA, 2009 WL 1948844, *3 (E.D. Cal. July 6,
2009).

Plaintiffs' theory about the assignment of the deed of trust cannot save this claim.
There is no requirement under California law that an assignment of a deed of trust be
recorded in order for an assignee beneficiary to foreclose.  See Selby v. Bank of America,
Inc., No. 09cv2079 BTM(JMA), 2010 WL 4347629, *3 (S.D. Cal. Oct. 27, 2010).  To the
extent Plaintiffs wish to rely on section 2932.5, which requires recordation of an
assignment before the power of sale may be exercised, this section "does not apply where
the power of sale is set forth in a deed of trust. Section 2932.5 applies only to mortgages
that give a power of sale to the creditor, not to deeds of trust which grant a power of sale
to the trustee."  Id. (citing Cal. Civ. Code § 2932.5).[6]  Therefore, Plaintiffs' claim is
without merit and adding this claim would be futile.

### b.    California Civil Code § 1203

Plaintiffs allege they have an interest in the land records recorded by Aurora in an
attempt to foreclose upon Plaintiffs' properties.  (4AC ¶ 489.)  Plaintiffs reallege the
April 13, 2011 findings by the OTS, as set forth above.  Plaintiffs contend that California
law[7] prohibits fraud in the notary or execution process of land records, including
substitutions of trustee and assignments of deed of trust.  (Id. ¶ 492.)  Plaintiffs further
allege that MERS, acting as nominee of the now-defunct original lenders, purportedly
assigned deeds of trust to Aurora using documents containing "robo-signers."  (Id. ¶
496.)  In addition, notary signatures do not match notary signature cards, and in some
instances, the signing dates do not match.  (Id. ¶¶ 497-98.)  Based on these allegations,
Plaintiffs contend these documents contain misstatements, fraudulent representations or
forgeries similar to the violations identified by OTS.  (Id. ¶ 500.)  Plaintiffs seek

---

[6] Even if this section applied, Plaintiffs do not allege that Aurora exercised the power of sale
before recordation of the assignments.  In fact, foreclosure sales are not alleged for any Plaintiff whose
assignment is attached to the reply.  Compare Reply, Ex. A (Edman assignment 01/11/11; Burke
assignment 02/15/11; Pi assignment 01/20/11; Anderson assignment 02/10/11; Yau assignment
11/29/10) with 4AC ¶¶ 57, 72 (Yau); ¶¶ 83, 95-96 (Anderson); ¶¶ 105, 118-19 (Burke); ¶¶ 169, 174-75
(Pi); ¶¶ 182, 190-92 (Edman) (no allegations of foreclosure sales as to any of these Plaintiffs).

[7] Plaintiffs cite Cal. Civ. Code § 115 and Cal. Pen. Cod. § 532f(a)(4).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00006-JVS(RNBx)                    Date   November 8, 2011

Title       **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

---

declaratory and injunctive relief.  (Id. ¶ 507.)  Plaintiffs allege they have been financially injured and their credit has been damaged.  (Id. ¶ 507.)

Under section 1203, "[a]ny person interested under an instrument entitled to be proved for record, may institute an action in the superior court against the proper parties to obtain a judgment proving such instrument."  The Court notes the most recent decision discussing this principle is from 1938.  Ten Winkel v. Anglo Cal. Sec. Co., 11 Cal. 2d 707 (1938).  No decisions discussing the pleading requirements of a claim under section 1203 were found.

It is unnecessary to analyze whether the section 1203 claim is sufficiently pleaded, however.  This is because based on the gravamen of Plaintiffs' allegations, it is clear that this claim is simply a new fraud claim, styled as a section 1203 claim.  The new fraud claim is premised on OTS's findings regarding Aurora's practices.  Indeed, Plaintiffs explain that California law prohibits fraud in the notary or execution process of land records that must be recorded.  (4AC ¶ 492.)  Plaintiffs conclude that the assignments and substitutions of trustee were legal nullities based on fraud in the notary and/or execution of these documents.  (Id. ¶¶ 500-501.)

As explained in the Court's August 31, 2011 order, fraud claims must be pleaded with particularity under Rule 9(b).  The Court adopts the discussion regarding the pleading standard for fraud claims set forth therein.  (Doc. No. 231 at 2, 8-9.)  In the new claim, Plaintiffs again fail to plead specific false representations, intent to defraud, and justifiable reliance.  Vess v. Ciba-Geigy Corp., USA, 317 F.3d 1097, 1105 (9th Cir. 2003).  The Court previously cautioned Plaintiffs that fraud claims must state the "who, what, when, where, and how" of the fraudulent conduct charged.  Id. at 1106.  Plaintiffs' failure to conform to this standard suggests Plaintiffs are unable to state a fraud claim and further amendment would be futile.  Given that this basic pleading failure occurs after multiple rounds of pleadings, the Court declines to grant leave, assuming additional facts could cure the legal defect.

c.      No Good Cause and Undue Delay

The Court finds that Plaintiffs have not shown good cause under Rule 16 to modify the scheduling order to allow the addition of the new statutory and fraud claims.  Adding these claim would also be improper under Rule 15 due to undue delay.  Because Plaintiffs

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00006-JVS(RNBx)                    Date   November 8, 2011

Title   **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

have already had numerous opportunities to plead claims based on the underlying facts, including earlier fraud-based claims, the Court exercises its discretion to deny the motion to add the fifth and sixth claims, especially where the facts underlying these claim have been known to Plaintiffs at least since April 2011, before the filing of the SAC.  See Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

IV.   Discussion: Motion to Dismiss

The TAC contains a single claim for breach of contract.  As previously noted, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach."  CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008).

In its orders dismissing the FAC and SAC, the Court explained in detail why earlier iterations of Plaintiffs' breach of contract claim failed.  (Doc. Nos. 191 at 7-9, 231 at 7-8.)  At the hearing on Aurora's motion to dismiss the SAC, Plaintiffs raised new breach of contract arguments focusing on the underlying deeds of trust and breach of an implied duty of honesty.  Although Plaintiffs were granted leave to amend on this basis, the Court concludes that the TAC, like the SAC before it, fails to state a claim for breach of contract.[8]

In the TAC, Plaintiffs allege that Aurora breached implied obligations under the deeds of trust by keeping Plaintiffs in "an extended and unreasonable period of imminent foreclosure under the guise of 'attempting to work with the borrowers' while awaiting a final decision [of whether] their loan modification was going to be approved."  (TAC ¶¶ 27, 37.)  As to the first element, existence of a contract, Plaintiffs have not pleaded the existence of a contract between Plaintiffs and Aurora.  Plaintiffs contend that "Aurora became a party to the deed of trust by way of a corporate assignment of deed of trust wherein Aurora was assigned all beneficial interest under the Deed of Trust."  (MTD Opp'n at 14.)

---

[8] To the extent this claim is a spin-off of Plaintiffs' breach of the covenant of good faith and fair dealing claim, it must be dismissed for the reasons discussed in Section III.B.1, supra.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 11-00006-JVS(RNBx)                    Date    November 8, 2011

Title        **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

In <u>Kehoe</u>, 2010 WL 4286331 at *8, where the plaintiff alleged breach of an implied contractual duty premised on a deed of trust, as Plaintiffs do here, the district court concluded that "a loan servicer, such as Aurora, is not a party to the deed of trust." Assignment of beneficial interest to Aurora, i.e., the right to service the loan secured by the deed of trust, does not make Aurora a party to the underlying deed of trust.

Even if the Court could find a contractual relationship between Plaintiffs and Aurora premised on the deeds of trust, Plaintiffs fail to allege what term(s) in the deeds of trust gives rise to Aurora's alleged breach. The deeds of trust expressly allow for lenders to accelerate the loans if default occurrs. No breach of an implied duty can lie based on the decision to act on this express contractual right. <u>See</u> <u>Schuck</u> <u>v.</u> <u>Fed.</u> <u>Nat'l</u> <u>Mortgage</u> <u>Ass'n</u>, No. 1:11-cv-691 OWW JLT, 2011 WL 2580552, *6 (E.D. Cal. June 28, 2011) (where deed of trust expressly permits beneficiary to foreclose upon default by borrower, there is no violation of the implied covenant for choosing to exercise that remedy).

Plaintiffs cite <u>Chao</u> <u>v.</u> <u>Aurora</u> <u>Loan</u> <u>Services,</u> <u>LLC</u>, No. 4:10-cv-03383-SBA (N.D. Cal. Sept. 12, 2011), which recently denied Aurora's motion to dismiss a breach of implied covenant claim in a similar case. <u>See id.</u> (Doc. No 27 at 15). However, <u>Chao</u> is inapplicable because the breach claim raised by the plaintiffs in that case was premised on loan workout agreements between the <u>Chao</u> plaintiffs and Aurora, rather than deeds of trust to which Aurora is not a party.

Plaintiffs contend that once Aurora entertained the idea of loan modification, a duty arose not to string Plaintiffs along as to whether they would be approved and whether they could save their homes. Plaintiffs argue that Aurora's "inaction" in making final loan modification decisions was in bad faith. (MTD Opp'n at 15.) However, the deeds of trust do not require loan modification upon Plaintiffs' default, as Plaintiffs concede, and even if the lender or beneficiary decides to consider loan modification, no terms in the deed of trust impose duties on the lender with respect to this discretionary decision.[9]

---

[9] Paragraph 12 of the deeds of trust, regarding forebearance by the lender, does not substantiate Plaintiffs' claim. First, this provision discusses the lender's option to extend time to pay or modify the loan amount if it so chooses. It expressly states that exercising these rights "shall not be a waiver of or preclude the exercise of any right or remedy." (Doc. No. 36, RJN Ex. 1 at at 14-15.) Even if Aurora could be substituted in for the lender, this clause does not prevent exercising other remedies, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 11-00006-JVS(RNBx)                          Date   November 8, 2011

Title   **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.**

Plaintiffs argue that it was not commercially reasonable for Aurora to participate in federal loan modification programs designed to allow homeowners to cure default "as justification for accelerating the payment and foreclos[ure]." (MTD Opp'n at 17.) Simply put, this is a new version of Plaintiffs' old breach of contract argument based on HAMP and the temporary payment plans ("TPP"). For the reasons stated in the Court's earlier orders, this argument fails.[10]

Plaintiffs appear to argue that because the parties did not contemplate the financial crisis when they executed the deeds of trust, the covenant of good faith and fair dealing "created a duty that the parties act honestly." (MTD Opp'n at 18.) Plaintiffs provide no authority to support the proposition that unforeseen global economic woes justify altering or relaxing contractual terms or imposing duties on parties to a contract. If this was the case, any time economic circumstances changed, the party suffering as a result of unforeseen circumstances could escape the contract, including a loan they could no longer afford. This argument lacks merit.

Plaintiffs further argue that they complied with the terms of the deeds of trusts because they made payments until they sought loan modification, so Aurora's instruction to make lesser payments under a TPP somehow damaged them. (Opp'n at 22.) This argument contradicts the allegations in the TAC, where Plaintiffs admit they could not make their regularly monthly payments and sought loan modification as a result. See, e.g., TAC ¶¶ 55-56, 81-82, 103-04.

Because Plaintiffs fail to allege the existence of a contract, Plaintiffs' performance, a breach by Aurora, or any resulting damages, this claim must be dismissed.

V.   Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to amend is denied. Leave

---

acceleration of debt.

[10] To the extent Plaintiffs raise new arguments regarding a statutory duty under 15 U.S.C. § 1639a, regarding the duty of servicers of residential mortgages, no allegations in the TAC support such arguments. To the extent Plaintiffs' request leave to amend this claim to incorporate this new theory (MTD Opp'n at 25), the Court denies the request because amendment on this ground would be futile. The statute refers to a duty to investors, broadly, not a duty to mortgagors.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 11-00006-JVS(RNBx) | Date | November 8, 2011 |
|---|---|---|---|

| Title | **Eddie Yau, et al. v. Duetsche Bank National Trust Co. Americas, et al.** |
|---|---|

to amend to add the claims dismissed without prejudice on August 31, 2011 is denied based on futility.  Leave to amend to add the newly proposed fifth and sixth claims for relief is denied based on futility and for the additional reasons that Plaintiffs have not made a good cause showing under Rule 16, and amendment under Rule 15 would be improper due to undue delay.

Aurora's motion to dismiss the TAC is granted.  Because Plaintiffs have had numerous opportunities to plead their breach of contract claim, and because further amendment would be futile, the TAC is dismissed with prejudice.

Counsel for defendant shall prepare, serve and submit, forthwith, a proposed order consistent with this Court's order.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | kjt | | |